**Hanan ALI Mohamed Ali, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–73702.

United States Court of Appeals, Ninth Circuit.

Submitted July 29, 2009.*

Filed July 31, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Zaheer Zaidi, San Jose, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kymberly A. Smith, Esq., USSAC—Office of the U.S. Attorney, Sacramento, CA, Richard M. Evans, Esq., Kristin A. Cabral, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## MEMORANDUM **

Hanan Ali Mohamed Ali, a native of Ethiopia and citizen of Eritrea, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition for review.

The record does not compel reversal of the IJ's adverse credibility determination given Ali's admission that she lied to the asylum officer with regard to how the Eritrean government would be able to identify her as a member of the opposition party. *See Sarvia–Quintanilla v. INS*, 767 F.2d 1387, 1393 (9th Cir.1985) (holding that a history of dishonesty can support an adverse credibility finding); *see also Kaur v. Gonzales*, 418 F.3d 1061, 1066 (9th Cir. 2005) (false statements must be viewed in light of all the evidence presented in a case). In the absence of credible testimony, Ali's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Because Ali's CAT claim is based on the same evidence that the IJ found not credible, and she does not point to any other evidence showing it is more likely than not that she would be tortured in Eritrea, her CAT claim also fails. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**